UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS LASHLEY, *pro se* | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 357 |
| | ) | |
| v. | ) | Judge Wayne R. Andersen |
| | ) | |
| COOK COUNTY MEDICAL DEPARTMENT, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Officer David Patterson, through his attorney, RICHARD A. DEVINE, State's Attorney of Cook County, by his Assistant State's Attorney, Daniel J. Fahlgren, moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted, and pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) for failure to exhaust all administrative remedies before filing suit. In support of this motion Defendant states:

### I. INTRODUCTION

Plaintiff brings this action against Correctional Officers Patterson and Nichols pursuant to 42 U.S.C. § 1983. On October 19, 2007, Plaintiff was a pretrial detainee in Division 9 at the Cook County Jail. (Complaint, pp. 2, 4) Plaintiff was passing out dinner trays to other detainees in the segregation unit. *Id.* When the cell of an unidentified detainee was opened for Plaintiff to distribute the detainee's dinner, the detainee "pushed pass [sic] the officers with a knife in his hand for both officers to see and instantly rushed me …." *Id*. The unidentified detainee stabbed Plaintiff repeatedly. *Id*. The officers ran off, and called an "all available." *Id*. The officers did not

give Plaintiff medical assistance, but approximately 8-10 minutes later a "911 emergency response team and fire department personnel showed up" to give Plaintiff medical assistance. (Complaint, p. 5) Plaintiff sues correctional officers Patterson and Nichols for failure to protect him from the attack, and for denying him medical care after the attack. As of the filing of this motion, only Officer Patterson has been served. However, all of the arguments set forth herein apply equally to both officers.

Defendant moves to dismiss the complaint because; 1) Plaintiff failed to exhaust administrative remedies under the PLRA before filing this action in federal court; 2) Plaintiff fails to allege a valid failure to protect claims against the officers--Plaintiff's allegations do not state a failure to protect claim because there is no allegation that either officer had notice of the attack and acted with deliberate indifference to Plaintiff's safety, and because defendants' had no constitutional duty to intervene in the attack on Plaintiff; and 3) Plaintiff has not alleged facts sufficient to state a claim for denial of medical care after the attack.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. The Seventh Circuit Court reaffirmed the "liberal system of notice pleading" in civil rights actions brought under 42 U.S.C. § 1983. *McCormick v. City of Chicago, et al.,* 230 F. 3d 319, 2000 U.S. App. LEXIS 25686 (7th Cir. 2000) *citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 113 S.Ct. 1160, 1161 (1993) Complaints filed *pro se* are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court is not required to "'ignore any facts set forth in the complaint that undermine the plaintiff's claim...'" *Martin v. Davies*, 917 F.2d 336, 341 (7th Cir. 1990), *quoting Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Moreover, a court should not strain to find inferences

not plainly apparent from the face of the complaint. *Coates v. Illinois St. Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1988). A plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts that fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991).

.

### III. ARGUMENT

**A.    Plaintiff Failed To Exhaust All Administrative Remedies As Required By The Prison Litigation Reform Act Before Filing This Section 1983 Action.**

This Court should dismiss this Complaint because Plaintiff did not exhaust all administrative remedies available through the prisoner grievance procedure at the Cook County Department of Corrections (CCDOC) before filing this action in the District Court.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA) requires that a prisoner must exhaust all available administrative remedies before he brings a lawsuit relating to prison conditions pursuant to 42 U.S.C. § 1983. A civil action with respect to prison conditions means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison. *Morgan v. Arizona Department of Corrections,* 976 F. Supp. 892; 1997 U.S. Dist. LEXIS 12248 (D. Ariz. 1997) (citing 18 U.S.C. §3626(g)(2)). A Section 1983 complaint, filed by a prisoner before administrative remedies have been completed, must be dismissed pursuant to 42 U.S.C. §1997e(a). *Perez v. Wisconsin Department of Corrections,* 182 F.3d 532 (7th Cir. 1999). The *Perez* court held that the pursuit of administrative remedies is necessary; regardless of what type of relief the plaintiff seeks, as the outcome of the administrative process could affect the quantum of damages available in litigation. *Id*. at 538.  *See also Smith v. Zachary,* 255 F.3d 446,

450 (7th Cir. 2001) and *Booth v. Churner,* 531 U.S. 956 (2001). Section 1997e(a) applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Dixon v. Page,* No. 01-1973, slip op. at 5 (7th Cir. May 28, 2002), citing *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002).

The requirement that administrative remedies be exhausted is in part to allow prison officials an opportunity to respond to complaints internally before an inmate initiates litigation. *Dye v. Kingston*, 130 Fed Appx. 52 (7th Cir. 2005)(affirming dismissal of a Section 1983 suit where prior grievances did not provide sufficient notice to officials that the complained of conduct was the basis for an alleged constitutional violation). Moreover, proper exhaustion provides the jail a fair opportunity to adjudicate claims, and means using all steps that the agency holds out, and doing so properly. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002); *Woodford, v. Ngo*, 126 S. Ct. 2378 (2006).

This court can take judicial notice that the CCDOC has a well established and well published grievance procedure, including a procedure for appeal, which is documented in the John Howard Association's Status Report in the *Duran v. Sheahan, et al.,* 74 C 2949, litigation.

Plaintiff was a pretrial detainee at the Cook County Jail when he filed this action pursuant to Section 1983. Consequently, Plaintiff is obligated to comply with the requirements of the PLRA. Plaintiff does not allege that he ever filed a detainee grievance complaining about the conduct of Officer Patterson. Had he done so, Plaintiff would have offered Jail administrators a fair opportunity to adjudicate claims, and means using all steps that the agency holds out, and doing so properly. By failing to file a grievance, Plaintiff abandoned available administrative remedies in violation of the exhaustion requirement of the PLRA. Therefore he failed to exhaust

all administrative remedies available before filing this action in violation of the PLRA, and this case should be dismissed.

### B.  Plaintiff Fails to Allege that Officer Patterson had Notice of a Specific Threat to Plaintiff Sufficient to Support a Failure to Protect Claim of Deliberate Indifference

Plaintiff does not allege that defendant Officer Patterson had notice of a specific threat of violence or attack to Plaintiff sufficient to plead a constitutional violation for failure of the defendant officer to protect Plaintiff. Officer Patterson had no constitutional duty to intervene at the risk of his own safety in the unidentified detainee's knife against Plaintiff.

Prison officials have a duty to protect incarcerated inmates from assaults by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1976, (1994) However, a constitutional violation is not implicated in every inmate on inmate attack. The *Farmer* Court identified two conditions necessary for a constitutional violation to have taken place. 114 S. Ct. at 1977. The first is that the prison official's actions must have led to a "sufficiently serious" deprivation of the inmate's constitutional rights; the second is that the official must have a sufficiently culpable state of mind in effecting the deprivation upon the inmate. *Id.* (*quoting Wilson V. Seiter*, 501 U.S. 294, 298, 115 L. Ed. 271, 111 S.Ct. 2321 (1991))

In order to demonstrate that the official had the sufficiently culpable state of mind for a showing of deliberate indifference, Plaintiff must allege that the official had actual knowledge of impending harm to Plaintiff. *McGill v. Duckworth,* 944 F. 2d 344,349 (7th Cir. 1991) Normally a Plaintiff can show this by alleging that he complained to prison officials about a specific threat to his safety. *McGill,* 944 F.2d at 349. "Other circuits have held that failure to tell prison officials about threats is fatal and have dismissed such claims at the pleading stage. See *Ruefly v. Landon*,

825 F.2d 792 (4th Cir. 1987), and *Blankenship v. Meachum*, 840 F.2d 741 (10th Cir. 1988)." *Id*. Alternatively, a plaintiff can show the existence of so substantial risk of harm that the "defendants' knowledge of the risk can be inferred." *James v. Milwaukee County*, 966 F.2d 696, 1992 U.S. App. LEXIS 1708 (7th Cir. 1992), citing *Whitley v. Albers*, 475 U.S. 312, 321, 106 S. Ct. 1078 (1985)(quoting *Duckworth v. Franzen*, 780 F.2d 645, 652, (7th Cir. 1985).

Plaintiff does not allege that he complained to Officer Patterson about a specific threat to his safety from the unidentified inmate who attacked him. Plaintiff merely alleges that he was passing out dinner trays to inmates on tier 2E when an unidentified inmate attacked him--"Once the door was open for the plaintiff to give a detainee his dinner tray the detainee immediately pushed past the officers with a knife in his hand visible for both the officers to see and instantly rushed me in front of the officers." (Complaint, p. 4) Plaintiff was stabbed with a knife by the other detainee. *Id*. Although Plaintiff alleges that the defendant officers did not stop the detainee from stabbing him, but, he does not allege that they had knowledge that Plaintiff was in danger before the attack. In fact, it is clear that Plaintiff himself did not believe he was in danger of attack because he stated in the complaint that he opened the cell to give the detainee his dinner tray, with no indication that he feared that the detainee was a threat to his safety. (Complaint, p.4)

Plaintiff allegations indicate that the officers took steps to stop the attack after it suddenly began. He states; "an all available was called and the officers reported to 2E… " *Id.* Clearly the "all available" was called by the defendant officer to bring additional officers into the tier to help get the tier under control in response to the surprise attack on Plaintiff. The "all available" that was called by the defendant officers was an attempt to get the situation under control for the safety of all in the tier, including Plaintiff, following the sudden attack.

In *McGill*, the Court looked to the immediate action taken by the defendant prison officials to protect McGill after they learned of threats against him in determining that the defendants did not act with deliberate indifference toward the plaintiff. *McGill,* 944 F.2d at 349-350. The Court found that defendants did not have notice of a specific threat to the Plaintiff's safety sufficient to establish deliberate indifference to an attack by another inmate committed on McGill after he was removed from the general population, stating; "The Eighth amendment does not guarantee success." *McGill,* 944 F.2d at 350.

Officer Patterson did not have notice of a specific threat of impending harm to Plaintiff as is necessary to trigger deliberate indifference analysis. *McGill,* 944 F.2d at 349. The fact that Plaintiff used the word "immediately" to describe the beginning of the attack indicates that it was a surprise attack, and not foreseeable by Officer Patterson. (Complaint, p.4) Furthermore, Plaintiff states that the defendant officers took affirmative steps to stop the confrontation by calling for the "all available after the alleged attack. *Id.* Having failed to even allege that Officer Patterson had notice of a specific threat to Plaintiff's safety, Plaintiff fails to allege that Officer Patterson acted or failed to act with the culpable state of mind required by *Farmer* to show deliberate indifference.

Plaintiff claims that the officers were deliberately indifferent to his safety because they did not jump in front of the attacker to prevent the stabbing. (Complaint, p. 4) Defendant Patterson had no duty to do so, and the allegation is not sufficient to state a Section 1983 claim for failure to protect.

There is no constitutional duty for a correctional official to intervene in the assault of one inmate at the hands of another if such intervention would place the official in physical danger. *Lacy v. Berge*, 921 F.Supp. 600, 609 (E.D.Wis. 1996); *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th

Cir. 1995); *Arnold v. Jones*, 891 F.2d 1370, 1373 (8th Cir. 1989). In *Lacy*, the plaintiff claimed that an officer watched as another inmate beat the plaintiff to near unconsciousness with a blunt object. *Id.* at 608. The plaintiff further claimed that the officer did nothing to stop the assault. *Id*. The court held that there was no constitutional violation because even assuming that the officer did see the altercation and did not intervene, he did not act with the requisite deliberate indifference because the plaintiff failed to establish that the attack was readily preventable. *Id*. at 609. The court reasoned that intervention could reasonably have placed the officer in physical danger, and therefore he was not obligated to intervene. *Id*.

Plaintiff alleges that his unidentified attacker was armed with a knife. The knife would have been as dangerous to the safety and health of defendant Patterson as it proved to be to Plaintiff. Patterson had no duty to endanger his life to intervene on Plaintiff's behalf. Therefore, Patterson's failure to intervene to stop the surprise attack was not evidence of deliberate indifference to Plaintiff's safety, and did not violate his constitutional rights.

For all of these reasons, Plaintiff has not alleged a valid claim against Officer Patterson under Section 1983 for failure to protect, and the Complaint should be dismissed.

### C. Deliberate Indifference - Medical Care

Plaintiff's allegations, taken as true for purposes of this motion, do not allege conduct by Officer Patterson that indicates deliberate indifference to Plaintiff's serious medical need sufficient to state a colorable Section 1983 claim for denial of medical care.

A complaint under Section 1983 for denial of medical treatment must show the defendant's actions or omissions amounted to a "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1986). To do so, a plaintiff must show

that the defendant's actions or omissions amounted to a sufficiently serious deprivation of his constitutional rights and were brought about by the defendant in his wanton disregard for those rights. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321 2324-25 (1991) The petitioner must satisfy both the objective and subjective standards set forth in *Wilson. Id*.

In *Estelle,* the Supreme Court noted while deliberate indifference to serious medical needs could amount to a deprivation of a prisoner's constitutional rights, negligence alone does not constitute such a violation. *Estelle,* 429 U.S. at 104-06.  The court stated that the complaint must allege conduct which is "repugnant to the conscience of mankind" or "incompatible with the evolving standards of decency that mark the progress of a maturing society." *Id*. at 102, 105-6.

Officials charged with overseeing a detainee like the plaintiff are given broad discretion in determining the character and nature of the medical treatment of the detainees. *Henderson v. Pate,* 409 F.2d 507, 508 (7th Cir. 1969), *cert. denied*, 396 U.S. 914, 90 S.Ct. 233. Also, a claim is not sufficient when it rests merely on the detainee's dissatisfaction with the adequacy of the treatment actually received. *Henderson*, 409 F.2d at 508; *See also Thomas v. Pate*, 493 F.2d 151, 157-58 (7th Cir. 1974).  The court in *Farmer v. Brennan*, 114 S.Ct. 1970, 1980 (1994) has analogized deliberate indifference to recklessness as defined by criminal law. "An act is reckless in the pertinent sense when it reflects complete indifference to risk--when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death." *Archie v. City of Racine*, 847 F.2d 1211, 1219 (7th Cir. 1988)(*en banc*)(emphasis added) Mere negligence or even gross negligence does not amount to deliberate indifference. *Id*.

Plaintiff's Complaint fails to reach the high standard set by the above-cited cases. Plaintiff alleges merely that after he was stabbed by the unknown assailant, he did not receive

medical attention promptly enough. Plaintiff alleges that after he was stabbed, and was bleeding badly, officers came on the cell deck and told him to "lay on the ground and don't move." (Complaint p. 5) He lay there "for another *8-10 minutes* until the 911 emergency response team and fire department showed up." *Id*. (emphasis added)

These are the only allegations that Plaintiff makes about being denied medical care. A delay of 8-10 minutes after a surprise stabbing is not unreasonable considering that Plaintiff was in a jail setting. Clearly someone, presumably Officer Patterson, called for medical assistance immediately, in order for and emergency response team and fire department personnel to arrive at Cook County Jail in only eight minutes. This short delay does not in any way indicate that defendant officer acted with "complete indifference to risk--when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death." *Archie*, at 1211.  Nor has Plaintiff alleged facts that might tend to show that Officer Patterson's action was "repugnant to the conscience of mankind" or "incompatible with the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. at 102, 105-6.

Plaintiff's allegations against Officer Patterson do not approach the minimum showing required to plead deliberate indifference regarding medical care. Because Plaintiff has failed to allege facts sufficient to support a constitutional claim for denial of medical care under Section 1983, the Complaint should be dismissed.

## IV.   CONCLUSION

Based upon the foregoing, the complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Prison Litigation Reform Act, 42 U.S.C. §

1997e(a) for failure to state a claim upon which relief can be granted and for failure to exhaust administrative remedies before filing this action in federal court.

.

                          Respectfully Submitted,

                          RICHARD A. DEVINE
                          State's Attorney of Cook County

By:    *s/Daniel J. Fahlgren*_____
        Daniel J. Fahlgren
        Assistant State's Attorney
        Torts and Civil Rights Litigation Section
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-3304
        6201163