## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Anderson | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0357 | **DATE** | August 28, 2008 |
| **CASE TITLE** | Louis E. Lashley (#2005-0048201) vs. Cook County Medical Department, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Dismiss [15] is granted.   Plaintiff's motion for leave to file an amended complaint [26] is denied as moot.  This case is closed.

■[For further details see text below.]                                                    Docketing to mail notices.

---

### STATEMENT

        Plaintiff, Larry Rodgers, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the Defendants failed to protect him from a physical assault by another detainee and were deliberately indifferent to his medical needs following the assault.  Defendants have moved to dismiss Plaintiff's complaint for failing to exhaust his administrative remedies and for failure to state a claim upon which relief can be granted.

        In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff.  *Sprint Spectrum L.P. v. City of Carmel, Ind.,* 361 F.3d 998, 1001 (7th Cir. 2004) (*Sprint*).  *Pro se* complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

        Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in *Bell Atlantic*)).  "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court."  *E.E.O.C. v. Concentra Health Serv., Inc.* 496 F.3d 773, 779 (7th Cir. 2007).  Furthermore, a plaintiff can plead himself or herself out of court by pleadings facts that undermine the allegations set forth in the complaint.   *See Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

        A reading of Plaintiff's complaint supports the following summary of the alleged operative conduct of the parties.

        On October 19, 2007, Plaintiff was a pretrial detainee at Cook County Jail.  On that day, Plaintiff was passing out dinner trays to other detainees in a segregation unit of the jail.  When the cell of one of the detainees was opened to allow Plaintiff to give the detainee the dinner tray, the detainee immediately pushed

## STATEMENT

pass the correctional officers and repeatedly stabbed Plaintiff. The correctional officers did not attempt to stop the detainee, instead, they ran off the deck and watched Plaintiff get stabbed. Following the assault, the detainee ran to another cell and disposed of the weapon in a toilet.

The correctional officers did not immediately assist Plaintiff although he was bleeding from the neck and hand. When the correctional officers finally came back to Plaintiff, they informed Plaintiff to lay on the ground and not to move. The correctional officers failed to check to see how badly Plaintiff was injured and Plaintiff did not receive medical attention for another 8 to 10 minutes.

Defendants first move to dismiss Plaintiff's complaint for his failure to exhaust his administrative remedies.

The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

An inmate must take all the steps required by the prison or jail's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Exhaustion is a precondition to filing suit, so that an inmate's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *Ford*, 362 F.3d at 398; *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999). The purpose of the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before the filing of a federal lawsuit. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). Failure to exhaust administrative remedies is an affirmative defense; correctional officials have the burden of proving that the inmate had available remedies that he did not utilize. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

The grievance procedure, as set forth in the Illinois Administrative Code, provides that an inmate shall first attempt to resolve the issue with his or her counselor. If the issue cannot be resolved with the counselor or if the grievance pertains to a disciplinary proceeding, the inmate may file a written grievance within sixty days of the incident. 20 Ill. Admin. Code 504.810(a). The Chief Administrative Officer shall advise the inmate of the findings and recommendations within two months of the receipt of the written grievance. 20 Ill. Admin. Code 504.830 (d).

An inmate may also request that a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer. The grievance is resolved on an emergency basis if the Chief Administrative Officer determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate. 20 Ill. Admin. Code 504.840.

If an inmate does not believe that a grievance has been resolved to his or her satisfaction, the inmate may appeal in writing to the Director within thirty days after receiving the Chief Administrative Officer's findings and recommendation. 20 Ill. Admin. Code 504.850. The Director reviews the appeal to determine if a hearing before the Administrative Review Board is required. If the Director determines that the grievance is meritless or can be resolved without a hearing, the inmate is so advised in writing. If the grievance requires a hearing, the Administrative Review Board conducts a hearing and submits a written report to the Director. The Director then makes a final decision within six months of the receipt of the appealed grievance, where reasonably feasible. 20 Ill. Admin. Code 504.850.

Here, Plaintiff did not plead that he has filed any type of grievance regarding the alleged incident. Nor has Plaintiff responded to the pending motion to dismiss. While Plaintiff did file a motion for leave to file an amended complaint, he only seeks to amend the complaint to add a party and to specify that he seeks compensatory and punitive damages. The amended complaint does not address the failure of Plaintiff to exhaust his administrative remedies.

**STATEMENT**

Based on the above, Defendants' motion to dismiss is granted for Plaintiff's failure to exhaust his administrative remedies. In light of this ruling, the Court need not address Defendants' alternate grounds for dismissal. Plaintiff's motion for leave to file an amended complaint is denied as moot.